(LDA)ccc

HOWARD TRAPP INCORPORATED
200 Saylor Building
139 Chalan Santo Papa
Hagåtña, Guam 96910
Telephone (671) 477-7000

Attorney for defendant Sean Michael Cole

**FILED**
DISTRICT COURT OF GUAM
JUL 29 2005
MARY L.M. MORAN
CLERK OF COURT

## DISTRICT COURT OF GUAM

------------

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ( | Case No. CR 05-00039 |
| | ) | |
| Plaintiff, | ( | MOTION BY DEFENDANT |
| | ) | SEAN MICHAEL COLE TO |
| vs. | ( | DISMISS THE INDICTMENT; |
| | ) | DECLARATION (PAGE 3); |
| GERARDO ELOY GONZALEZ, JR., | ( | MEMORANDUM (PAGE 16) |
| et al. | ) | |
| | ( | |
| Defendants. | ) | |

------------

## MOTION BY DEFENDANT SEAN MICHAEL
## COLE TO DISMISS THE INDICTMENT

Defendant Sean Michael Cole respectfully moves that the indictment be dismissed on the ground that defendant Sean Michael Cole has been punished for the offenses charged therein, and for that reason further prosecution of defendant Sean Michael Cole is barred, as it would be violative of the double jeopardy guarantee of

**ORIGINAL**

(MOTION BY DEFENDANT SEAN MICHAEL COLE TO DISMISS THE
INDICTMENT, ETC.)
Case No. CR 05-00039

48 U.S.C. § 1421b(d) and the Fifth Amendment to the Constitution of the United

States.

Dated at Hagåtña, Guam.

July 28, 2005.

_____
HOWARD TRAPP
For HOWARD TRAPP INCORPORATED
Attorney for defendant
Sean Michael Cole

(MOTIONS/Dismiss.SCole)

2

## DECLARATION

I, Sean Michael Cole, declare that I am one of the defendants in this
proceeding.

2. On May 17, 2005, I was arrested, without a warrant, by an officer
of the United States government.

3. The documents hereto annexed as EXHIBIT A (Complaint),
EXHIBIT B (Criminal Minutes), and EXHIBIT C (Order of Detention Pending
Hearing) are true copies of the originals thereof, and for the purpose of proving the
content thereof, are adopted as a part of this declaration by this reference thereto.

4. On May 18, 2005, a complaint was filed (EXHIBIT A); the person
making the arrest brought me before a United States Magistrate Judge (EXHIBIT
B); and I was "REMANDED TO THE CUSTODY OF THE U.S. MARSHAL [sic]
SERVICE FOR DETENTION." (EXHIBIT B at 1; EXHIBIT C.)

5. An indictment was filed on May 25, 2005. (Indictment (filed May
25, 2005).)

6. On May 27, 2005, I was brought before the Magistrate Judge, I

3

pleaded not guilty to the indictment, and the Magistrate Judge issued an order that

I "REMAIN IN CUSTODY AS PREVIOUSLY ORDERED BY THIS COURT" on

May 18, 2005. (Criminal Minutes at 2 (filed May 27, 2005); Order of Detention

Pending Trial (filed May 27, 2005).)

       7. My detention has been excessive in relation to reasonably assuring

my appearance as required and the safety of others and the community. On May 19,

2005, I was moved to something called "Post Six." After approximately one week,

I was allowed one phone call, to my wife. Thereafter, I was informed that I could

not use the telephone for another 30 days, that I was allowed only one telephone call

every 30 days. I was locked down in a one-man cell 24 hours a day, seven days a

week, and allowed out only once every 48 hours, for approximately 20 to 30

minutes, to visit the laundry room. In the days I was in Post Six I only saw daylight

on two occasions, that is to say, two times when I was taken to court. All of the

windows were covered with plywood, and I was not allowed out of my cell unless

I was shackled. My court-appointed counsel twice promised to come and see me.

He never showed up. I was required to take all of my meals and showers in my

4

cell. On May 31, 2005, I was told that my father had called to talk to me. I asked

to return his call, so that I could seek help in obtaining legal assistance. The guards

said that they would have to get approval from the United States Marshals Service

and that that would take two to three days. I repeated my requests daily, and each

time I was told, "Hang tight, we are checking on it." This went on for two weeks.

When I was finally able to telephone my father, and subsequently contact my now

retained lawyer through him, my now retained lawyer came to interview me. This

was my first lawyer interview in the approximate four to five weeks following my

arrest. While at Post Six I asked to see a dentist, due to a toothache. I spoke with

a nurse who informed me that any treatment would have to be authorized by the

United States Marshals Service and that I would receive nothing more than

ibuprofen until that time. I have never received any other medication at all, and all

further inquiries about a dentist were ignored. The standard response was, "Hang

tight." The airconditioning at Post Six was minimal. The inmates lay on the floor,

near the door, in an attempt to catch some cool air coming under the door. This put

one's head about two feet from the toilet. At no time were the inmates allowed to

5

mingle or visit. There was no such thing as recreation. Everyone was isolated, at

all times. Most of the inmates with whom I spoke were there for disciplinary action,

as a result of fighting, escape, or other violations. I requested, in writing, to go to

the law library, but I never received a response. In sum, I was denied legal counsel,

communication with my family, access to a telephone, "fresh air," and medical

attention. I was locked down and shackled for no reason other than "that's how we

do it at Post Six." I was at Post Six for 50 days.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 28, 2005, at Hågatña, Guam.

SEAN MICHAEL COLE

6



COPY

1  LEONARDO M. RAPADAS
   United States Attorney
2  MARIVIC P. DAVID
   Assistant U.S. Attorney
3  Sirena Plaza Suite 500
   108 Hernan Cortez Avenue
4  Hagatna, Guam 96910
   Telephone: (671) 472-7332
5  Telecopier: (671) 472-7334

6  Attorneys for United States of America

**FILED**

DISTRICT COURT OF GUAM

MAY 18 2005

MARY L.M. MORAN
CLERK OF COURT

7            **IN THE UNITED STATES DISTRICT COURT**

8              **FOR THE DISTRICT OF GUAM**

9  UNITED STATES OF AMERICA,        )    MAGISTRATE CASE NO. **05 - 00028**
                                     )
10                    Plaintiff,     )    **COMPLAINT**
                                     )
11                                   )    **ATTEMPTED POSSESSION OF**
                                     )    **METHAMPHETAMINE**
12                                   )    **HYDROCHLORIDE**
                                     )    **WITH INTENT TO DISTRIBUTE**
13         vs.                       )    [21 U.S.C. §§ 841(a)(1) and 846]
                                     )    (Count I)
14                                   )
                                     )
15                                   )    **CONSPIRACY TO DISTRIBUTE**
                                     )    **METHAMPHETAMINE**
16  SEAN MICHAEL COLE a/k/a          )    **HYDROCHLORIDE**
    SHAWN COLE,                      )    [21 U.S.C. §§ 841(a)(1) and 846]
17  GILBERT JOSE MATTA, and          )    (Count II)
    JESSICA ROSE MESA,               )
18                                   )
                      Defendants.    )
19  _____)

20  THE UNDERSIGNED COMPLAINANT CHARGES UPON INFORMATION AND BELIEF
    THAT:

21      **COUNT I - ATTEMPTED POSSESSION OF METHAMPHETAMINE**
22           **HYDROCHLORIDE WITH INTENT TO DISTRIBUTE**

23      On or about May 17, 2005, in the District of Guam, the defendant, SEAN MICHAEL

24  COLE a/k/a SHAWN COLE, did unlawfully and knowingly attempt to possess with intent to

25  distribute over 100 grams of methamphetamine hydrochloride, a schedule II controlled substance,

26  in violation of Title 21, United States Code, §§ 841(a)(1) and 846.

27  //

28  //

                          EXHIBIT A

## COUNT II - CONSPIRACY TO DISTRIBUTE
## METHAMPHETAMINE HYDROCHLORIDE

On or about May 17, 2005, in the District of Guam, the defendants, SEAN MICHAEL COLE a/k/a SHAWN COLE, GILBERT JOSE MATTA, and JESSICA ROSE MESA, and other known and unknown co-conspirators, did unlawfully, intentionally, and knowingly combine, conspire, confederate and agree together and with others, to distribute over 100 grams of methamphetamine hydrochloride, a schedule II controlled substance, in violation of Title 21, United States Code, §§ 841(a)(1) and 846.

COMPLAINANT FURTHER STATES:

I, John S.A. Duenas, being a Special Agent with the U.S. Immigration and Customs Enforcement (BICE) of the Department of Homeland Security, and acting in my official capacity, set forth the following facts:

1. I am a Special Agent with BICE (formerly the U.S. Customs Service), and have been so employed for approximately five (5) years. Prior to my employment with said federal agency, I was a Police Officer with the Guam Police Department for 12 years.

2. I know from my training and experience that it is common practice for large-scale methamphetamine traffickers to travel to their purchase and distribution areas to facilitate their trafficking. After purchasing methamphetamine, these methamphetamine traffickers will transport or cause to be transported methamphetamine. The methods of transportation include, but are not limited to, commercial airlines, private automobiles, government and contract mail services. I am also aware that a common method used by drug traffickers to smuggle controlled substance so as to avoid detection is by secreting the drugs in an internal body cavity. For males, such internal body cavity carries would consist of swallowing sealed balloons or condoms containing controlled substance or, alternatively, inserting the same within their rectum. In addition to the foregoing methods, females have a third method of internal body cavity carry in which the controlled substance, similarly packaged, is inserted in their vagina. For a rectal carry,

2

1  because the balloon or condom is inserted through the anal opening, traffickers typically
2  use lubricants to ease the passage.

3      3. During April 2005 the Guam Resident Office of ICE received information from law
4  enforcement officers of the U.S. Customs and Border Protection in Honolulu that a resident of
5  Guam, Douglas Guerrero, was arrested in Honolulu on about April 26, 2005, for having in his
6  possession approximately 72.5 grams of suspected methamphetamine. Guerrero was en route to
7  travel to Guam when he was arrested in Hawaii. The Honolulu officers advised that Guerrero's
8  airline ticket had been paid for by one John Peralta. The Guam ICE office reviewed Western
9  Union money transfer transactions conducted by Peralta to other individuals in the mainland, and
10  received information that Peralta wired at least $7,000 during February 2005-March 2005 to
11  Gerardo E. Gonzales, Jr., and Mia M. Rojas.

12      4. On May 16, 2005, at about 5:33 p.m., the Guam Customs and Quarantine Agency
13  Contraband Enforcement Team (CET), and the Guam Police Department Violent Street Crimes
14  Task Force (VSCTF) conducted an operation at the Antonio Borja Wonpat International Air
15  Terminal targeting arriving passengers from Honolulu on board Continental Airlines Flight #001.
16  Customs Officer Ricky Mendiola, Customs Officer Franklin Gutierrez and drug detector dog
17  "Eron" participated in the operation. "Eron" has been trained to recognize the distinctive odor of
18  controlled substances to include methamphetamine. "Eron" sniffed arriving passengers, hand
19  carry bags, and luggage. During the inspection, "Eron" alerted to a male and female passenger,
20  by exhibiting a change in behavior consistent with the training in the detection of the odor of
21  controlled substances. An alert is a signal from the drug detector dog of suspected narcotics.
22  The passengers were later identified as Gerardo Eloy Gonzalez, Jr. and Mia Mary Rojas.

23      5. Customs Officer Derrick Guerrero inspected Gonzalez and Officer Nadine
24  Concepcion inspected Rojas. Lt. Annette Shimizu and Officer Concepcion escorted Rojas to the
25  search room and conducted a strip search, which yielded a negative finding for contraband. Rojas
26  was advised of her constitutional rights, which she waived, and stated that she was willing to

27

28                                         3

1  answer questions. Customs Officer I Craig Camacho and Customs Officer II Franklin Taitague
2  advised Rojas that there was reason to believe that Rojas had methamphetamine concealed in
3  her, and asked Rojas to submit to an x-ray examination. After Rojas consented to an x-ray
4  examination, she was escorted to the search room where she removed from her person one
5  condom containing approximately 162.5 grams gross weight of a white crystal substance.
6  Officer Franklin Taitague conducted a field test of the substance using a Marquis Reagent #902
7  kit which resulted in a presumptive positive for the presence of amphetamines. Rojas stated that
8  she and Gonzalez just wanted to make fast cash. Rojas and Gonzalez were expecting to check in
9  to the Hotel Mai Ana and then call John Timothy Peralta to arrange for delivery of the crystal
10  substance.

11  6. Gonzalez was advised of his constitutional rights, which he waived, and stated that he
12  and Rojas intended to deliver the crystal methamphetamine to John Timothy Peralta. Gonzalez
13  stated that Peralta paid for a portion of the airfare for the trip to Guam. Gonzalez stated that the
14  crystal methamphetamine is from a friend of his named William Martinez who travels to Tijuana,
15  Mexico and smuggles the crystal methamphetamine through the U.S. border. Gonzalez stated
16  that he and Rojas had previously traveled to Guam in March 2005, when they were escorting
17  another individual who brought methamphetamine that was delivered to Peralta.

18  7. Rojas and Gonzalez further explained that approximately a year ago, Annette
19  Gonzalez, SEAN MICHAEL COLE a/k/a SHAWN COLE, Lisa Rodriguez, Deanna Morales,
20  Douglas Guerrero, John Peralta and others all agreed to smuggle crystal methamphetamine
21  between Tijuana, Mexico, California, and Guam. According to Rojas, Peralta was the main
22  distributor in Guam for this organization. Rojas stated that COLE, Guerrero, Morales, Rodriguez
23  and others have carried crystal methamphetamine secreted in their body cavities. According to
24  Rojas, COLE, Guerrero, and Rodriguez began to smuggle their own crystal methamphetamine,
25  however, would check each other when one of them were out of crystal methamphetamine.

26  //

27

28  4

8. On May 17, 2005, a controlled delivery was conducted where Rojas and Gonzalez were placed at the Hotel Mai Ana, Room 208. Rojas and Gonzalez were given a zip lock bag containing "sham," or a counterfeit substance. Gonzales placed a monitored and recorded telephone call to SEAN MICHAEL COLE a/k/a SHAWN COLE, and informed him that he and Rojas had arrived in Guam. COLE told Gonzalez that he was at the airport waiting for them. COLE told Gonzalez that he would come by Hotel Mai Ana.

9. On May 17, 2005, at about 8:59 p.m., COLE arrived at the Hotel Mai Ana, Room 208, with GILBERT JOSE MATTA and JESSICA ROSE MESA. COLE spoke with Gonzalez and Rojas and told them about two couriers who were internally carrying crystal methamphetamine but were arrested in Guam on Saturday. COLE told Gonzalez and Rojas that he will sell the crystal methamphetamine and return in a day or so with money for Gonzalez and Rojas. COLE told them that MATTA and MESA were going to assist COLE in distributing the crystal methamphetamine. COLE was arrested after taking possession of the sham and as he was preparing to leave the hotel room.

//
//
//
//
//
//
//
//
//
//
//
//

5

10. Based on the foregoing, I have probable cause to believe that SEAN MICHAEL COLE a/k/a SHAWN COLE has committed the offenses of attempted possession of methamphetamine hydrochloride with intent to distribute in violation of Title 21, United States Code, §§ 841(a)(1) and 846, and that COLE, GILBERT JOSE MATTA, and JESSICA ROSE MESA have committed the offense of conspiracy to distribute methamphetamine hydrochloride in violation of Title 21, United States Code, §§ 841(a)(1) and 846.

DATED this ___18___ day of May 2005.

JOHN S. A. DUENAS
Senior Special Agent
U.S. Immigration & Customs Enforcement
Department of Homeland Security

SUBSCRIBED AND SWORN TO before me on this ___18th___ day of May 2005.

JOAQUIN V.E. MANIBUSAN, JR.
Magistrate Judge
District Court of Guam

6

# IN THE DISTRICT COURT OF GUAM
## TERRITORY OF GUAM
### CRIMINAL MINUTES
### INITIAL APPEARANCE

**CASE NO. MG-05-00028**            **DATE: 5/18/2005**          **TIME: 10:50 a.m.**

*****************************************

HON. JOAQUIN V. E. MANIBUSAN, JR., Magistrate Judge, Presiding

Court Recorder: Jamie Phelps

Hearing Electronically Recorded - RUN TIME: 10:50:35 - 11:21:56

Law Clerk: J. HATTORI

Courtroom Deputy: Leilani Toves Hernandez

CSO: J. Lizama & B. Benavente

*********************** **A P P E A R A N C E S** ***********************

**DEFT: SEAN MICHAEL COLE aka SHAWN COLE**
( X ) PRESENT   (X) CUSTODY   ( ) BOND   ( ) P.R.

**ATTY : CURTIS C. VAN DE VELD**
( X ) PRESENT ( ) RETAINED ( ) FPD ( X ) CJA APPOINTED

**DEFT: GILBERT JOSE MATTA**
( X ) PRESENT   (X) CUSTODY   ( ) BOND   ( ) P.R.

**ATTY : LOUIE J. YANZA**
( X ) PRESENT ( ) RETAINED ( ) FPD ( X ) CJA APPOINTED

**DEFT: JESSICA ROSE MESA**
( X ) PRESENT   (X) CUSTODY   ( ) BOND   ( ) P.R.

**ATTY : JOAQUIN C. ARRIOLA, JR.**
( X ) PRESENT ( ) RETAINED ( ) FPD ( X ) CJA APPOINTED

U.S. ATTORNEY: MARIVIC DAVID

U.S. PROBATION: CARLEEN BORJA / JUDY OCAMPO

AGENT: JOHN DUENAS, B.I.C.E.

U.S. MARSHAL: S. LUJAN / F. TAITAGUE

*******************************************************************

**PROCEEDINGS:   INITIAL APPEARANCE RE COMPLAINT (SEALED)**

( ) COMPLAINT/INFORMATION/INDICTMENT READ TO DEFENDANT
( X ) FINANCIAL AFFIDAVIT REVIEWED AND ACCEPTED:
    CURTIS C. VAN DE VELD , APPOINTED TO REPRESENT *SEAN MICHAEL COLE aka SHAWN COLE*
    LOUIE J. YANZA , APPOINTED TO REPRESENT *GILBERT JOSE MATTA*
    JOAQUIN C. ARRIOLA, JR., APPOINTED TO REPRESENT *JESSICA ROSE MESA*

( ) DEFENDANT SWORN AND EXAMINED    AGE:____   HIGH SCHOOL COMPLETED:_____
( ) DEFENDANT ARRAIGNED ADVISED OF RIGHTS, CHARGES AND PENALTIES
( ) REMOVAL/IDENTITY HEARING ( ) CONDUCTED ( ) WAIVED ( ) SET FOR:_____ at _____
( ) WARRANT OF REMOVAL ISSUED
( ) GOV'T SUMMARIZES THE EVIDENCE    ( ) GOV'T SUBMITS TO THE PLEA AGREEMENT
( ) COURT QUESTIONS DEFENDANT REGARDING HIS PHYSICAL AND MENTAL CONDITION, AND ADVISES DEFENDANT OF THE NATURE AND POSSIBLE CONSEQUENCES OF SAID PLEA
( ) DEFENDANT WAIVES READING OF ( ) COMPLAINT   ( ) INFORMATION   ( ) INDICTMENT

( X ) PRELIMINARY EXAMINATION FOR DEFENDANT(S) SEAN COLE AND GILBERT MATTA SET FOR:
    *MAY 27, 2005* at *10:15 A.M.*

( X ) PRELIMINARY EXAMINATION FOR DEFENDANT JESSICA ROSE MESA SET FOR:
    *JUNE 8, 2005* at *1:30 P.M.*

( ) DEFENDANT TO BE RELEASED ON BOND (see release conditions on page 2)
( X ) DEFENDANTS REMANDED TO THE CUSTODY OF THE U.S. MARSHAL SERVICE FOR( ) *PROCESSING* ( X ) *DETENTION*
( ) DETENTION HEARING REQUESTED BY _ GOV'T _ DEFT IS SET FOR:_____ at _____
( ) DEFENDANT RELEASED ON BAIL AS PREVIOUSLY ORDERED BY THIS COURT

NOTES:

Defendant's were advised of the charges brought against them and their rights. All attorneys were appointed nunc pro tunc to May 18, 2005.

## EXHIBIT B

Page 1 of 2

**DEFENDANT SEAN MICHAEL COLE:**

The Court stated that based on the PreTrial Services Report, the defendant has no ties to the community and should be detained. Mr. Van de Veld argued for his client's release. Government concurred with the PreTrial Services Report. The Court Denied the defendant's release and states its reasons. Accordingly, the defendant was remanded to the custody of U.S. Marhsal Service.

**DEFENDANT GILBERT MATTA:**

The Court stated that based on the PreTrial Services Report, the defendant has no ties to the community and should be detained. Mr. Yanza argued for his release and also noted that his client resides with the co-defendant. The Government concurred with the Pre-Trial Services Report, however, left it to the Court's discretion regarding release and the stay away order. The Court Denied the defendant's release and stated its reasons. Defendant was remanded to the custody of the U.S. Marshal Service.

**DEFENDANT JESSICA ROSE MESA:**

The Court stated that based on the PreTrial Services Report, the defendant shall be released with conditions. Mr. Arriola had no objections. The Court Granted the defendant's release with the conditions noted on the report to include the stay away order.

**Courtroom Deputy:**

# UNITED STATES DISTRICT COURT

District of _____ **GUAM**

UNITED STATES OF AMERICA

**V.**

**Sean Michael Cole aka Shawn Cole**

_Defendant_

## ORDER OF DETENTION PENDING HEARING

Case Number: MG-05-00028-001

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed    that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- **X** (1) There is probable cause to believe that the defendant has committed an offense
  - X for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. §§952 (a) & 960 and 963
    21 U.S.C. § 841(a)(1) and 846
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☐ (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

**FILED**

DISTRICT COURT OF GUAM

MAY 2 0 2005

~~MARY L.M. MORAN~~
~~CLERK OF COURT~~

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing ☐ clear and convincing **X** a preponderance of the evidence that Court finds that there is insufficient information before the Court to establish if any condition or combination of conditions will reasonably assure the appearance of the defendant as required. Further, the Court finds that the defendant is a serious risk to the community and that therefore, it is hereby ordered by this Court that the defendant be remanded to the custody of the United States Marshal.

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

_May 20 2005_    _____
Date                                    Signature of Judicial Officer

**JOAQUIN V. E. MANIBUSAN, JR., MAGISTRATE JUDGE**
Name and Title of Judicial Officer

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**EXHIBIT C**

(MOTION BY DEFENDANT SEAN MICHAEL COLE TO DISMISS THE
INDICTMENT, ETC.)
Case No. CR 05-00039

## MEMORANDUM

### I

"No person shall be subject for the same offense to be twice put in jeopardy of *punishment* . . . ."  (48 U.S.C. § 1421b(d).)

### II

The Fifth Amendment to the Constitution of the United States is extended to Guam and has the same force and effect in Guam as in the United States. (48 U.S.C. § 1421b(u).) It provides that no person shall "be subject for the same offence [sic] to be twice put in jeopardy of life or limb." (U.S. Const. amend. V, cl. 2.) "And it protects against *multiple punishments* for the same offense." (*North Carolina v. Pearce*, 395 U.S. 711, 717 (1969).)

### III

Because it was clearly excessive in relation to the purpose of reasonably assuring "the appearance of [defendant Sean Michael Cole] as required and the safety of any other person and the community" (18 U.S.C. § 3142(c)(1)(B), and because there is no other purpose to which it may rationally be assigned, the

16

detention of which defendant Sean Michael Cole complains was *clearly for the*

*purpose of punishment*:

> Of course, the mere invocation of a legitimate
> purpose will not justify particular restrictions and
> conditions of confinement amounting to punishment. It is
> axiomatic that "[d]ue process requires that a pretrial
> detainee not be punished." *Bell* v. *Wolfish*, 441 U.S., at
> 535, n. 16. Even given, therefore, that pretrial detention
> may serve legitimate regulatory purposes, it is still
> necessary to determine whether the terms and conditions
> of confinement . . . are in fact compatible with those
> purposes. *Kennedy* v. *Mendoza-Martinez*, 372 U.S., at
> 168-169. "A court must decide whether the disability is
> imposed for the purpose of punishment or whether it is but
> an incident of some other legitimate governmental
> purpose." *Bell* v. *Wolfish*, *supra*, at 538. Absent a
> showing of an express intent to punish on the part of the
> State, that determination generally will turn on "whether
> an alternative purpose to which [the restriction] may
> rationally be connected is assignable for it, and whether it
> appears excessive in relation to the alternative purpose
> assigned [to it]." *Kennedy* v. *Mendoza-Martinez*, *supra*,
> at 168-169. See *Bell* v. *Wolfish*, *supra*, at 538; *Flemming*
> v. *Nestor*, 363 U.S. 603, 613-614 (1960).

-------------------

17

(*Schall v. Martin*, 467 U.S. 253, 269 (1984).)

Dated at Hagåtña, Guam.

July 28, 2005.

Respectfully yours,

HOWARD TRAPP
For HOWARD TRAPP INCORPORATED
Attorney for defendant
  Sean Michael Cole

18

## DECLARATION OF SERVICE

I, Leilani Ada, declare that I am an administrative assistant employed in the office of Howard Trapp, Esq., the attorney for defendant Sean Michael Cole herein, and that I served the document to which this declaration is annexed on Marivic P. David, Esq., Assistant United States Attorney, the attorney for plaintiff herein, by leaving a copy at Office of the United States Attorney for Guam and the Northern Mariana Islands, Suite 500, Sirena Plaza, 108 Hernan Cortez Avenue, Hagåtña, Guam, Ms. David's last known address, with a person in charge thereof, on July 28, 2005.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 28, 2005, at Hagåtña, Guam.

_____
LEILANI ADA

## DECLARATION OF SERVICE

I, Leilani Ada, declare that I am an administrative assistant employed in the office of Howard Trapp, Esq., the attorney for defendant Sean Michael Cole herein, and that I served the document to which this declaration is annexed on William Gavras, Esq., the attorney for defendant John Timothy Peralta herein, by leaving a copy at Law Offices of Gorman & Gavras, P.C., 2nd Floor, J&R Building, 208 Route 4, Hagåtña, Guam, Mr. Gavras's last known address, with a person in charge thereof, on July 28, 2005.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 28, 2005, at Hagåtña, Guam.

_Leilani Ada_
LEILANI ADA

# DECLARATION OF SERVICE

I, Leilani Ada, declare that I am an administrative assistant employed in the office of Howard Trapp, Esq., the attorney for defendant Sean Michael Cole herein, and that I served the document to which this declaration is annexed on Cynthia V. Ecube, Esq., the attorney for defendant Gerardo Eloy Gonzalez, Jr. herein, by leaving a copy at Law Offices of Cynthia V. Ecube, 207 Martyr Street, Suite 3, Travel Pacificana Bldg., Hagåtña, Guam, Ms. Ecube's last known address, with a person in charge thereof, on July 28, 2005.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 28, 2005, at Hagåtña, Guam.

_leilani ada_
LEILANI ADA

# DECLARATION OF SERVICE

I, Leilani Ada, declare that I am an administrative assistant employed in the office of Howard Trapp, Esq., the attorney for defendant Sean Michael Cole herein, and that I served the document to which this declaration is annexed on Joaquin C. Arriola, Jr., Esq., the attorney for defendant Jessica Rose Mesa herein, by leaving a copy at Arriola, Cowan & Arriola, 259 Martyr Street, Suite 201, Hagåtña, Guam, Mr. Arriola's last known address, with a person in charge thereof, on July 28, 2005.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 28, 2005, at Hagåtña, Guam.

_____
LEILANI ADA

## DECLARATION OF SERVICE

I, Leilani Ada, declare that I am an administrative assistant employed in the office of Howard Trapp, Esq., the attorney for defendant Sean Michael Cole herein, and that I served the document to which this declaration is annexed on Samuel S. Teker, Esq., the attorney for defendant Deanna Ingrid Morales herein, by leaving a copy at Teker Torres & Teker, P.C., 130 Aspinall Avenue, Suite 2A, Hagåtña, Guam, Mr. Teker's last known address, with a person in charge thereof, on July 28, 2005.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 28, 2005, at Hagåtña, Guam.

_____
LEILANI ADA

# DECLARATION OF SERVICE

I, Leilani Ada, declare that I am an administrative assistant employed in the office of Howard Trapp, Esq., the attorney for defendant Sean Michael Cole herein, and that I served the document to which this declaration is annexed on Louis J. Yanza, Esq., the attorney for defendant Gilbert Jose Matta herein, by leaving a copy at Maher, Yanza, Flynn, Timblin, LLP, 115 Hesler Place, Ground Floor, Governor Joseph Flores Building, Hagåtña, Guam, Mr. Yanza's last known address, with a person in charge thereof, on July 28, 2005.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 28, 2005, at Hagåtña, Guam.

_____
LEILANI ADA

# DECLARATION OF SERVICE

I, Leilani Ada, declare that I am an administrative assistant employed in the office of Howard Trapp, Esq., the attorney for defendant Sean Michael Cole herein, and that I served the document to which this declaration is annexed on Patrick G. Civille, Esq., the attorney for defendant Lisa Marie Rodriguez herein, by leaving a copy at Civille & Tang, PLLC, Suite 200, 330 Hernan Cortez Avenue, Hagåtña, Guam, Mr. Civille's last known address, with a person in charge thereof, on July 28, 2005.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 28, 2005, at Hagåtña, Guam.

_leilani ada_
LEILANI ADA